## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GUADALUPE RIVER RESORT RANCH, LTD. | § § § | |
| VS. | § | CIVIL NO. 5:17-cv-1058 |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § | |

### *ON REMOVAL FROM:*

### CAUSE NO. 17-443

| | | |
|---|---|---|
| GUADALUPE RIVER RESORT RANCH, LTD. | § § | IN THE DISTRICT COURT |
| VS. | § | KENDALL COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § | 451ST JUDICIAL DISTRICT |

### EXHIBIT 3

### ALL DOCUMENTS FILED IN STATE COURT

| Tab | Document Name | Filing Date |
|---|---|---|
| 1. | Plaintiff's Original Petition | 8/30/17 |
| 2. | Defendant's Original Answer | 10/12/17 |
| 3. | Notice of Removal to Federal Court | 10/19/17 |

# EXHIBIT 3-1

Filed: 8/30/2017 10:26 PM
Susan Jackson
District Clerk
Kendall County, Texas

CAUSE NO. 17-443

| | | |
|---|---|---|
| Guadalupe River Resort Ranch, LTD. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | KENDALL COUNTY, TEXAS |
| PHILADELPHIA INDEMNITY | | |
| INSURANCE COMPANY | § | |
| *Defendants.* | § | 451st   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Guadalupe River Resort Ranch, LTD. ("Plaintiff"), complains of Philadelphia Indemnity Insurance Company, Inc. ("Philadelphia"), and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff is a Texas Corporation with its principal place of business in Kendall County, Texas.

3.      Defendant Philadelphia Insurance Company, Inc. is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served at its registered agent of service CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.     Plaintiff seeks monetary relief over $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6.     The court has jurisdiction over Defendant Philadelphia because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.     Venue is proper in Kendall County, Texas, because the insured property giving rise to this cause of action is situated in Kendall County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.     Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

9.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

10.    Plaintiff is the owner of a commercial property located at 605 FM 474, Boerne, TX 78006 (the "Property").  The Property was insured by insurance policy number PHPK1449852, issued by Defendant Philadelphia (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

---

11.     On or about April 30, 2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.  After the loss, Plaintiff made a claim (claim no. 981163) and demand for payment on Defendant Philadelphia for damages to the Property and other damages covered by the terms of the Policy (the "Claim").  After Plaintiff made the Claim, Defendant Philadelphia assigned or otherwise retained its employees and/or agents to work on Plaintiff's Claim.  Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim.  Further, Defendant Philadelphia has refused to pay all amounts due and owing under the Policy for the Claim.

12.     Defendant's adjusters made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant.  The damages Defendant included in its estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.  Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant's adjusters knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

13. Defendant Philadelphia failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant PHILADELPHIA refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant PHILADELPHIA'S conduct constitutes a breach of the insurance contract between Defendant PHILADELPHIA and Plaintiff.

14. Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

15. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when PHILADELPHIA'S liability was reasonably clear. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

16. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

17. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the

full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

18.    Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

19.    Defendant PHILADELPHIA failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant PHILADELPHIA'S conduct constitutes a violation of TEX.INS.CODE §542.055.

20.    Defendant PHILADELPHIA failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant PHILADELPHIA'S conduct constitutes a violation of TEX.INS.CODE §542.056.

21.    Defendant PHILADELPHIA failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant PHILADELPHIA has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant PHILADELPHIA'S conduct constitutes a violation of TEX.INS.CODE §541.058.

22.    From and after the time Plaintiff's claim was presented to Defendant PHILADELPHIA, the liability of Defendant PHILADELPHIA to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant PHILADELPHIA has refused to pay

Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant PHILADELPHIA'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24. Because of Defendant' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
### CAUSES OF ACTION AGAINST DEFENDANT PHILADELPHIA

25. Defendant PHILADELPHIA is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.   Breach of Contract.

26. . The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant PHILADELPHIA. Defendant PHILADELPHIA breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant PHILADELPHIA'S breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.   Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

27.     The conduct, acts, and/or omissions by Defendant PHILADELPHIA constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

28.     Defendant PHILADELPHIA'Ss unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.     Defendant Philadelphia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Philadelphia's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30.     Defendant Philadelphia's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31.     Defendant Philadelphia's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32.     Defendant Philadelphia's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

33.     Defendant Philadelphia's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant PHILADELPHIA refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

> C.     Prompt Payment Of Claims Violations.

34.     The Claim is a claim under an insurance policy with Defendant PHILADELPHIA of which Plaintiff gave Defendant PHILADELPHIA.  Defendant PHILADELPHIA is liable for the Claim.  Defendant PHILADELPHIA violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

> a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant PHILADELPHIA reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

> b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

> c)  Delaying payment of the Claim following Defendant Philadelphia's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

35.     Defendant Philadelphia's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

> D.     Breach Of The Duty Of Good Faith And Fair Dealing.

36.     Defendant PHILADELPHIA breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant

PHILADELPHIA knew or should have known that its liability to Plaintiff was reasonably clear. Defendant Philadelphia's conduct proximately caused Plaintiff injuries and damages.

## VIII.
### KNOWLEDGE

37.    Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
### DAMAGES

38.    Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

39.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

40.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.   For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

41.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.   TEX.INS.CODE §542.060.

42.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

owed, exemplary damages and damages for emotional distress.

43.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage

the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is

entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the

Supreme Court of Texas.

## X.
### JURY DEMAND

44.    Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
### REQUEST FOR DISCLOSURE

45.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants

disclose the information or material described in Rule 194.2.

## XII.
### PRAYER

46.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof,

Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in

accordance with the rules of law and procedure, both as to actual damages, statutory penalties

and interest, treble damages under the Texas Insurance Code and all punitive and exemplary

damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial

and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and

post-judgment interest as allowed by law, and for any other and further relief, either at law or in

equity, to which Plaintiff may show itself to be justly entitled.

---

Respectfully submitted,

GREEN & BARTON

By:    /s/  *William. T. Jones, Jr.*
          WILLIAM T. JONES JR.
          State Bar No.: 24032601
          bjones@GBTriallaw.com
          ROBERT D. GREEN
          State Bar No.: 08368025
          green@greentriallaw.com
          DANIEL P. BARTON
          State Bar No.: 00789774
          dbarton@bartonlawgroup.com
          1201 Shepherd Drive
          Houston, Texas 77007
          (713) 227-4747- Telephone
          (713) 621-5900- Fax

# EXHIBIT 3-2

Filed: 10/12/2017 5:09 PM
Susan Jackson
District Clerk
Kendall County, Texas

## CAUSE NO. 17-443

| | | |
|---|---|---|
| **GUADALUPE RIVER RESORT RANCH, LTD.**, | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **KENDALL COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**, | § | |
| | § | |
| | § | |
| *Defendant.* | § | **451ST JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Philadelphia Indemnity Insurance Company, the Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff Guadalupe River Resort Ranch, Ltd. ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.     With respect to the claims Plaintiff has brought against Defendant for allegedly violating provisions of chapter 541 of the Texas Insurance Code, Defendant alleges that Plaintiff is barred from asserting such claims by reason of its failure to provide written notice of such claims, at least 60 days before filing suit, in accordance with section 541.154(b) of the Insurance Code.

2.     Pleading further and in the alternative, with respect to the claims Plaintiff has brought against Defendant for allegedly violating provisions of chapter 541 of the Texas Insurance Code and for breaching the common law duty of good faith and fair dealing, Defendant alleges that a *bona fide* dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

3.     Pleading further and in the alternative, Defendant alleges that Plaintiff's claim that Defendant is liable under the Texas Insurance Code for "misrepresenting to Plaintiff material facts relating to coverage at issue" fails because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of*

*Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

4.      Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all indemnity payments or other monies it paid Plaintiff on Plaintiff's insurance claim under the insuring agreement between Plaintiff and Defendant, in the amount of at least $573,999.70. Defendant therefore asserts the affirmative defenses of offset, credit and payment.

5.      Defendant alleges it is entitled to a credit or offset for all indemnity payments paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any other defendant, settling person, responsible third party or any other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and payment, to the extent applicable.

6.      Pleading further and in the alternative, with respect to Plaintiff's allegations that Defendant is estopped from raising coverage defenses, Defendant

affirmatively pleads that coverage under a policy of insurance cannot be created by estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

7.      Pleading further and in the alternative, Defendant alleges that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

8.      Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

9.      Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

10.     Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance

Defendant issued to Guadalupe River Ranch, Ltd. under number PHPK1449852, including but not limited to the following:

a. *Building and Personal Property Coverage Form* (CP 00 10 10 00), modified by the *Texas Changes* endorsement (CP 01 42 03 12):

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**3. Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**B. Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(4)** Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if possible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, cost, values, and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records….

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**4. Loss Payment**

  **a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

    **(1)** Pay the value of lost or damaged property;

    **(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

    **(3)** Take all or any part of the property at an agreed or appraised value; or

    **(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

  We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

  **b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

**F. Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**1. Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies.

  **a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

  Instead, we will determine the most we will pay using the following steps:

    **(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

---

**(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

**(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2);** and

**(4)** Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined in Step **(4)** or the limit of insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

**G. Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

**3. Replacement Cost**

\*   \*   \*

**c.** You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.

\*   \*   \*

**d.** We will not pay on a replacement cost basis for any loss or damage:

**(1)** Until the lost or damaged property is actually repaired or replaced; and

**(2)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

\*   \*   \*

**e.** We will not pay more for loss or damage on a replacement cost basis than the least of **(1), (2) or (3),** subject to **f.** below.

**(1)** The Limit of Insurance applicable to the lost or damaged property;

**(2)** The cost to replace the lost or damaged property with other property:

**(a)** Of comparable material and quality; and

---

**(b)** Used for the same purpose; or

**(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost described in **e.(2)** above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

**f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

b. *Causes of Loss – Special Form* (CP 10 30 10 00):

**A. Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

1. Excluded in Section **B.**, Exclusions; or

2. Limited in Section **C.**, Limitations;

that follow.

**B. Exclusions**

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**d. (1)** Wear and tear;

**(2)** Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

**(7)** The following causes of loss to personal property:

**(a)** Dampness or dryness of atmosphere;

**(b)** Changes in or extremes of temperature;…

**f.** Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

**m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **c.** Faulty, inadequate or defective:

        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)** Materials used in repair, construction, renovation or remodeling, or

        **(4)** Maintenance;

        of part or all of any property on or off the described premises.

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

    c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

        (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

c. *Commercial Property Conditions* endorsement (CP 00 90 07 88), modified by the *Texas Changes* endorsement (CP 01 42 03 12):

**D. LEGAL ACTION AGAINST US**

    **a.** Except as provided in Paragraph **b.**, no one may bring a legal action against us under this Coverage Part unless:

        **(1)** There has been full compliance with all of the terms of the Coverage Part . . .

    **b.** With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:

        **(1)** There has been full compliance with all of the terms of the Coverage Part; and

---

      **(2)**  The action is brought within the earlier of the following:

         **(a)**  Two years and one day from the date we accept or reject the claim; or

         **(b)**  Three years and one day from the date of the loss or damage that is the subject of the claim.

**E.**  Under the Loss Payment Condition, the provisions pertaining to notice of our intentions and the time period for payment of claims are deleted and replaced by the following:

    **3.**  **Catastrophe Claims**

    If a claim results from a weather related catastrophe or a major natural disaster, the claim handling and claim payment deadlines described in **E.1.** and **E.2.** above are extended for an additional 15 days. Catastrophe or Major Natural Disaster means a weather related event which:

      **a.**  Is declared a disaster under the Texas Disaster Act of 1975; or

      **b.**  Is determined to be a catastrophe by the State Board of Insurance.

**H.**  **POLICY PERIOD, COVERAGE TERRITORY**

    Under this Coverage Part:

    **1.**  We cover loss or damage commencing

      **a.**  During the policy period shown in the Declarations….

d.  *Elite Property Enhancement: Great Outdoors* endorsement (PI-EPE-GO (03/08)):

    **II.**  **Elite Enhancement Endorsement Conditions**

    **C.**  **Adjuster's Fees**

    Coverages provided herein are not applicable to the generation of fees you may incur by retaining a public adjuster or appraiser.

    **G.**  **Inventory and Appraisals**

    Coverage is extended to cover your expenses, excluding those for public adjusters and appraisers, to record information, compile inventories, or obtain appraisals we require to comply with the loss conditions of this coverage form.

---

The most we will pay for loss or damage under this
extension is $5,000 for any one loss to covered property
caused by a Covered Cause of Loss.

e.   *Texas – Limitations On Fungus, Wet Rot, Dry Rot And Bacteria*
endorsement (CP 01 62 06 02):

**A.**  The following exclusion is added.  With respect to the loss or
damage addressed therein, this exclusion supersedes any other
exclusion which addresses fungus.

**"Fungus", Wet Rot, Dry Rot And Bacteria**

We will not pay for loss or damage caused directly or indirectly
by the presence, growth, proliferation, spread or any activity of
"fungus", wet or dry rot or bacteria. Such loss or damage is
excluded regardless of any other cause or event that contributes
concurrently or in any sequence to the loss.

But if "fungus", wet or dry rot or bacteria results in:

**1.**  A "specified cause of loss", we will pay for the loss or
damage caused by that "specified cause of loss", if the
Causes Of Loss – Special Form applies;

**2.**  A Covered Cause of Loss, we will pay for the loss or
damage caused by that Covered Cause of Loss, if the
Cause of Loss – Basic Form, Covered Cause of Loss –
Broad Form or Standard Property Policy applies.

This exclusion does not apply:

**1.**  When "fungus", wet or dry rot or bacteria results from fire or
lightning; or

**2.**  To the extent that coverage is provided in the Additional
Coverage – Limited Coverage For "Fungus", Wet Rot, Dry
Rot And Bacteria with respect to loss or damage by a cause
of loss other than fire or lightning.

**B.**  The following exclusion replaces any exclusion pertaining to
continuous or repeated seepage or leakage of water; and
supersedes any other exclusion, preclusion of coverage or
exception to an exclusion pertaining to the leakage or discharge
of water or steam from a system or appliance.

We will not pay for loss or damage caused by or resulting
from continuous or repeated seepage or leakage of water, or
the presence or condensation of humidity, moisture or vapor,
that occurs over a period of 14 days or more.

**C.**  The following is added:

**Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

1.  The coverage described in **C.2.** and **C.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    a.  A "specified cause of loss" other than fire or lightning", if the Causes Of Loss – Special Form applies;

    b.  A Covered Cause of Loss other than fire or lightning", if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

2.  We will pay for loss or damage by "fungus", wet or dry rot or bacteria. As used in this Limited Coverage, the term loss or damage means:

    a.  Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

    b.  The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

    c.  The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

3.  The coverage described under **C.2.** of this Limited Coverage is limited to $15,000. Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences described in **C.1.**, which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

11.   Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits of insurance set forth in the

---

policy of insurance Defendant issued to Plaintiff for the building that forms the basis of this action.

12.     Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<h2 align="center">P<span>RAYER</span></h2>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Guadalupe River Resort Ranch, Ltd. has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:_____*/s/   William R. Pilat*_____
        William R. Pilat
        Texas Bar No. 00788205
        Email:  wpilat@krcl.com
        Andrew J. Mihalick
        Texas Bar No. 24046439
        Email:  amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2017, a true and correct copy of the foregoing *Defendant's Original Answer* was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Kendall County District Court:

William T. Jones Jr.
Robert D. Green
Daniel P. Barton
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007

> */s/   William R. Pilat*
> William R. Pilat

# EXHIBIT 3-3

CAUSE NO. 17-443

| | | |
|---|---|---|
| **GUADALUPE RIVER RESORT** | § | **IN THE DISTRICT COURT** |
| **RANCH, LTD.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **KENDALL COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY**, | § | |
| | § | |
| *Defendant.* | § | **451ST JUDICIAL DISTRICT** |

## <u>DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, Philadelphia Indemnity Insurance Company, the Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit** "**A**," and that this action is removed to the United States District Court for the Western District of Texas for trial as of this date, October 19, 2017. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:_____/s/___William R. Pilat_____

     William R. Pilat
     State Bar No. 07788205
     Email:  wpilat@krcl.com
     Andrew J. Mihalick
     State Bar No. 24046439
     Email:  amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on October 19, 2017, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other known counsel of record, as listed below, via e-Filing with the electronic service provider for the Kendall County District Courts:

William T. Jones Jr.
Robert D. Green
Daniel P. Barton
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007

     _____/s/___William R. Pilat_____
     William R. Pilat

---